UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SHANA SELBY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PAMPERED CHEF, LTD., et )<br>al. )<br>)<br>Defendants. ) | Civil Case No. 14-cv-75-JMH<br><br>**MEMORANDUM OPINION & ORDER** |

***

The Court has reviewed the Notice of Removal filed in this matter by Defendant Makray Manufacturing Company ("Makray") and in which Defendant The Pampered Chef, Ltd. ("Pampered Chef"), has joined. [DE 1.]

In the Amended Complaint, Plaintiff claims injury as a result of the defective condition of, absence of adequate or proper warnings and instructions for, design defects in, and design misrepresentations, negligence, and breach of the implied warranty of merchantability and fitness for a particular purpose with respect to a micro cooker pot sold and/or manufactured by the Defendants. [DE 1-1.] Plaintiff does not specify an amount of damages. [*Id.*]

"In cases like the one at hand, 'where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy

requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II*, 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied, and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, it is clear that the amount in controversy threshold is met"); *see also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In the Notice of Removal, Defendants rely solely on their comparison of the language of the originally filed Complaint with that of the Amended Complaint to establish the amount in controversy. The Complaint, which made averments only against Defendant Pampered Chef, averred damages "in excess of the

minimum jurisdictional requirements of the Mercer Circuit Court but . . . not in excess of $75,000." [DE 1-1 at 3, ¶4.] The Amended Complaint, which makes averments against both Pampered Chef and Makray, states only that Plaintiff's claims are for damages "in excess of the minimum jurisdictional requirements of the Mercer Cicuit Court." [DE 1-1 at 15, ¶ 4.] The Court is not immediately convinced that the omission of the phrase "not in excess of $75,000" in the Amended Complaint is enough to establish that this matter is appropriately before this Court. Unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Mercer Circuit Court.

Accordingly and upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** within **fourteen (14) days** of entry of this order why this matter should not be remanded to Mercer Circuit Court.

This the 28th day of February, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge