UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SHANA SELBY, | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 14-cv-75-JMH |
| v. | ) |
| THE PAMPERED CHEF, LTD., et al. | ) **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) |

\*\*\*\*\*\*

The Court has carefully reviewed Defendant Makray Manufacturing Company's ("Makray") Response [DE 6] to the Court's Order [DE 5] requiring that it show cause why this matter should not be remanded to the Mercer Circuit Court for failure to provide "competent proof" of an amount in controversy greater than $75,000. This matter is also before the Court upon Plaintiff Shana Selby's Motion to Remand to State Court [DE 7], with respect to which Defendant Makray has filed a Response [DE 9] and Plaintiff has filed a Reply [10]. The Court being adequately advised, the question of this Court's jurisdiction is properly before the Court, and, for the reasons stated below, this matter will be remanded to the Mercer Circuit Court.

In its Responses, Makray argues that it has provided adequate proof to this Court that the amount in controversy

meets this Court's jurisdictional minimum when it sits in diversity pursuant to 28 U.S.C. § 1332 because Plaintiff's Amended Complaint avers damages "in excess of the minimum jurisdictional requirements of the Mercer Circuit Court" but omits the upper limitation, "but . . . not in excess of $75,000" averred in the original Complaint. [DE 1-1 at 3, ¶4, and 15, ¶ 4.]

Makray argues that it has demonstrated an adequate amount in controversy and that this Court may exercise jurisdiction because, as taught in *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001), removal does not "place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement [because] . . . [s]uch a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." There remains, however, a burden for the defendant removing a matter when it asks this Court to exercise jurisdiction in a diversity matter. As the Court has already explained in its Order to show cause, "'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II*, 593 F.Supp.2d

958, 959 (E.D. Ky. 2009) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)) (emphasis in original). This requires competent proof showing that the amount-in-controversy requirement is satisfied, and speculation is not sufficient to meet this burden. *Id*. at 960. Makray offers this Court no more than speculation. Plaintiff might have omitted the phrase "but . . . not in excess of $75,000" from its Amended Complaint for any number of reasons, not simply because it now seeks to recover damages in excess of $75,000. For example, counsel might have omitted the phrase to make a shorter document, out of forgetfulness, or simply because counsel has no obligation to include it in the Amended Complaint. In light of this universe of possibilities, the omission of the phrase from the Amended Complaint does not make it more likely than not that there is more than $75,000 in controversy in this matter.[1] Accordingly,

---

[1] Makray also argues that the resolution to all of this is clearly in Plaintiff's corner because "a plaintiff could force a remand by stipulating its overall damages do not meet the court's jurisdictional limits, [but] Selby's Motion to Remand is silent on this issue." [DE 9]. As Makray has not met its burden, the Court does not require anything of Plaintiff in evaluating the propriety of removal in this instance. Plaintiff has, however, provided a copy of a letter memorializing a pre-litigation demand made to Makray's co-defendant, The Pampered Chef, Ltd., in the amount of $65,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Labuy v. Peck*, Civil Action No. 5:10-cv-158-JMH, 2010 WL 4313336, at *2 (Oct. 25, 2010) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (other citations omitted). In light of this information, if anything, the Court is even more persuaded

3

since the Court could not exercise original jurisdiction over this matter pursuant to 28 U.S.C. §1332, it was improperly removed under 28 U.S.C. § 1441. The case shall be remanded to Mercer Circuit Court.

Finally, the Court considers whether Plaintiff is entitled to relief under 28 U.S.C. § 1447(c). "A threshold determination of bad faith, improper purpose or vexatious or wanton conduct" is not necessary for the Court to use its discretion to award attorney's fees as a consequence of an improper removal. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). Instead, the Court must find that the Defendant "lacked an objectively reasonable basis for seeking removal" in order to justify an award of attorney's fees under § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this instance, the Court observes that Defendant Makray's argument in favor of removal was wrong. The Court is not prepared, however, in this instance and on this day to determine that defendant "lacked an objectively reasonable basis for seeking removal" simply because Makray read too much into the omission of the upper limit on the amount of controversy from the Amended Complaint. The motion for an award of fees shall be denied.

---

that Makray failed to do its homework before removing this matter to this Court.

Accordingly and upon the Court's own motion, **IT IS ORDERED**:

(1) That Plaintiff's Motion to Remand to State Court [DE 7] is **GRANTED IN PART** and **DENIED IN PART** as set forth above;

(2) That this matter is **REMANDED** to Mercer Circuit Court; and

(3) That the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET.**

This the 28th day of March, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge